## Elliott, et al. v. Commonwealth, For Use, et al.

(Decided June 21, 1911.)

Appeal from Laurel Circuit Court. (No. 2.)

County Clerk and Sureties—Action Against—Fees.—This case is controlled by another of the same style between the same parties this day decided, involving fees of the same character, but covering different years.

D. K. RAWLINGS, E. H. JOHNSON and HAZELWOOD & JOHNSON for appellants.

H. J. JOHNSON for appellee.

Opinion of the Court by Judge Settle—Reversed in all respects as to D. C. Edwards, surety on Elliott's bond.

This case is a companion to that of F. P. Elliott, et al. v. Commonwealth, For Use, et al., the opinion in which was this day handed down. The present action was also brought in the name of the Commonwealth for the use of Laurel County against the appellant, F. P. Elliott, former clerk of the Laurel County Court, on his official bond, and the appellant, D. C. Edwards, a surety therein; its object being to recover of appellants, $989.67, alleged to have been allowed the appellant, Elliott, by the Fiscal Court of Laurel County and paid him out of the funds of that county, for fees illegally charged by him for services for which no compensation is allowed by law, and sums illegally charged by him for acting as clerk of the fiscal court; all of which services he claimed to have rendered between January 1st, 1902, and January 4, 1904.

The answer of appellants put in issue all the material averments of the petition and its affirmative matter was controverted by reply. By the judgment rendered appellee recovered of appellants $762.77, with interest from April 22, 1907. Of the amount recovered, $369.75 consisted of allowances, at the rate of 25 cents per order, made the appellant Elliott by the fiscal court for his services in acting as the clerk thereof from January 1st, 1902, to January 4th, 1904. The remainder of the $762.77 for which appellee recoverel judgment, viz: $393.02, consisted of illegal fees charged during the same period by Elliott against the county and allowed by the fiscal court. The illegality of the fees going to make up the $393.02 lies in the fact, that they were for services for which the statutes allow no compensation, or for services rendered individuals for which they, and not the county of Laurel, were liable.

Our examination of the items going to make up the $393.02 in question convinces us that the circuit court properly held them illegal charges against Laurel county, and, therefore, they should not have been allowed by the fiscal court or paid Elliott. In our opinion the judgment against Elliott for the $393.02, and interest was authorized, but judgment for that amount should not have been rendered against the appellant, Edwards, surety in his official bond. He was not liable for same or any part

thereof, as the $393.02 was illegally received by Elliott and the orders allowing it, made by the fiscal court, were void.

Our reasons for holding the surety not liable, together with the authorities cited in support thereof, are fully set forth in the opinion in the companion case of F. P. Elliott, &c. v. Commonwealth, for use, &c., referred to, and need not be repeated here.

As to the $367.75, made up of allowances to Elliott by the fiscal court in payment of services rendered by him as clerk thereof, it is sufficient to say that section 1835, Kentucky Statutes, requires that he should be reasonably compensated for such services by that court; therefore, the court had authority to make him reasonable allowances therefor; if those made were unreasonable, as charged, the county should have prosecuted an appeal, or appeals, from the orders as held in the opinion of the other case of Elliott, &c. v. Commonwealth, for use, &c., this day decided.

Having failed to prosecute such appeal or appeals, appellee is estopped, in this action, to complain of the orders of allowance made by the fiscal court in the matter of compensating Elliott for acting as clerk of the fiscal court.

Wherefore, the judgment is affirmed as to the appellant, Elliott, in so far as it makes him liable for $393.02, of illegal fees received by him, but reversed in so far as it makes him liable for $367.75, received by him for services rendered as clerk of the fiscal court.

The judgment is also reversed in all respects as to D. C. Edwards, surety in Elliott's bond, and cause remanded to the circuit court with directions to enter a judgment that will conform to the opinion.